ATTACHMENT for rent: goods attached: issue directed to try whether there was a just demand of rent; and, if any, the amount thereof.
Barr rented a storehouse of Logan, from the 25th of March, 1846, to the 25th of March, 1847, at $375. The first two-quarters were paid. In October, 1846, Barr sold out his goods at public sale, and Logan agreed verbally to take the house off his hands. Logan did not, in fact, take possession until the 25th of March, 1847. The question was, whether this agreement was required by the statute of frauds to be in writing.
Bayard. — Unless the law requires a surrender of a lease to be in writing, the defendant is entitled to the verdict. The question I submit is, whether under our law a parol lease for a year may not be surrendered by parol. It is certain that an acceptance of the premises determines the lease.
I admit that the English statute of frauds requires such a surrender to be in writing, as an agreement concerning an interest in lands. If the case stood upon the English statute, or upon our act about contracts and assumptions (Dig. 88,) alone, I should incline that the surrender of even a parol lease should be in writing. But the act concerning landlords and tenants, (Dig. 368,) authorizes expressly a contract by parol for the occupation of lands for the term of one year,
and I think it follows, that such an agreement may be determined by parol.
Rogers, for plaintiff, denied that there was sufficient proof of an agreement to accept a surrender during the year; but said that the court would require the proof of such an agreement as this to be by writing.
The act of 25 Geo. 2, "about contracts and assumptions," whether construed alone or in connection with the landlord and tenant law,. requires such a contract as this for the surrender of an interest in land to be in writing. The terms of the first act are sufficiently comprehensive to include a surrender of a lease; "any contract or sale of lands, tenements, or hereditaments, or any interest in, or concerning them." These terms are similar to the English statute of frauds, under which such a surrender has been held to be included. (2 Selw. N. P. 843.) *Page 547 
The landlord and tenant act need not be construed in connection, it is not in pari materia; but, if taken together, that act makes but a single exception; and that is to allow a parol demise of land for one year. The expression is, "no demise, except it be by deed, shall be effectual for a longer term than one year:" this then, being an exception, stands by itself, and draws nothing after it from out of the act about contracts and assumptions, usually called the statute of frauds of this State. And it is plain that the exception must be confined to the demise, and not extend to a surrender, because the landlord and tenant act itself requires a notice in writing to dissolve the demise, though it be by parol. (3 Harr. Rep. 364.)
Mr. Bayard replied that this was where either the landlord or tenant undertook to determine the tenancy by notice; but he insisted that where both landlord and tenant agreed to determine the tenancy at the end of the year, it might be done without writing, and such agreement proved; and he argued that if such an agreement would terminate a tenancy at the end of the year, it might during the year.
The Court charged the jury, that the agreement relied on in this case, to accept a surrender of the premises during the year for which they were demised, was an agreement within the act about contracts and assumptions, and must be in writing.
 Verdict for plaintiff.